FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 03 2009    LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN HEALTH SYSTEM, a Washington corporation,<br><br>Defendant. | NO. C09-1249 MAT<br><br>COMPLAINT TO COMPEL AUDIT<br><br><br><br>09-CV-01249-CMP |

Plaintiff, Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, alleges:

I.

It is an unincorporated association operating as a trust fund pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended, to provide medical benefits for eligible participants. Plaintiff's offices are located in King County, Washington.

COMPLAINT TO COMPEL AUDIT
Page 1 of 5
G:\01-01999\541\St. Joseph's Hospital 82000\Complaint.doc

Reid, Pedersen, McCarthy & Ballew, L.L.P.
ATTORNEYS AT LAW
101 ELLIOTT AVENUE WEST • SUITE 550
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

II.

The Court has jurisdiction over the subject matter of this action under Section 502 (e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 (e)(1) and (f) and under Section 301 (a) of the Taft-Hartley Act, 29 U.S.C. §185 (a).

III.

Venue is proper in this district under Section 502 (e)(2) of ERISA, 29 U.S.C. §1132 (e)(2), because plaintiff Trust is administered in this district.

IV.

Defendant is a Washington corporation.

V.

Defendant is bound to a collective bargaining agreement with Local 286 of the International Union of Operating Engineers (hereinafter "Local"), under which Defendant is required to promptly and fully report for and pay monthly contributions to the Plaintiff's Trust at varying, specified rates for each hour of compensation Defendant pays to its employees who are members of the bargaining unit represented by the Local (such bargaining unit members are any of Defendant's part time or full time employees who perform any work task covered by the Defendant's labor contract with the Local, whether or not those employees actually join the Local).

VI.

Defendant accepted the Plaintiff's Trust Agreement and thereby agreed to audits by the Plaintiff's Trust of its records as follows, in part:

COMPLAINT TO COMPEL AUDIT
Page 2 of 5
G:\01-01999\541\St. Joseph's Hospital 82000\Complaint.doc

Reid, Pedersen, McCarthy & Ballew, L.L.P.
ATTORNEYS AT LAW
101 ELLIOTT AVENUE WEST • SUITE 550
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

The Board may require the Employers, any Signatory Association, any Individual Employer, the Union, any Employee or other beneficiary to promptly furnish to the Trustees, on demand, such payroll records, information, data, reports, or documents reasonably required for the purposes of administration of the Fund. The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, reports or documents. The Trustees, or their authorized representatives, may examine the pertinent payroll records of each Individual Employer with respect to the Employees benefiting from this Agreement whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Fund.

In the event that any such audit shall determine that the Individual Employer is delinquent in the payment of contributions due the Fund, the Individual Employer shall be obligated for the cost of such audit; provided, however, that the Board of Trustees may waive the imposition of such costs upon good cause shown.

VII.

The Trustees of Plaintiff's Trust deems it both necessary and advisable to the proper administration of the Trust that its authorized representatives examine the Defendant's books and records for the inclusive period of January 1, 2008 to the present date to determine if the Defendant previously reported for and paid to the Trust all of the amounts due it for the inclusive employment of members of the bargaining unit represented by the Local for said period.

VIII.

On or about July 14, 22 and 27, 2009, Plaintiff's Trust requested Defendant to allow an audit of its payroll records (including, but not limited to time cards, check registers, payroll journals, copies of quarterly payroll tax reports (Employment Security, IRS Form 941, and Labor and Industries) and certified payroll records) for the inclusive period of January 1, 2008 to the present date. Defendant failed to make its records available for the thorough

COMPLAINT TO COMPEL AUDIT
Page 3 of 5
G:\01-01999\541\St. Joseph's Hospital 82000\Complaint.doc

Reid, Pedersen, McCarthy & Ballew, L.L.P.
ATTORNEYS AT LAW
101 ELLIOTT AVENUE WEST • SUITE 550
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

examination the Trustees deem necessary and advisable to the proper administration of the Trust.

WHEREFORE, Plaintiff prays the court as follows:

1. That the Court enter an Order Compelling Audit under which the Defendant shall be directed by the Court, within a specified time to:

    A. Make available to the authorized representatives of the Trustees of the Trust any and all of Defendant's records of its past and present employees concerning the classification of them, their wage rates, Social Security numbers, wages paid and hours worked, their work tasks performed, including time cards, check registers, payroll journals, copies of quarterly tax reports (Employment Security, IRS Form 941, and Labor and Industries), certified payroll records, and any and all other payroll books and information the Trustees' authorized representatives request and require to examine for the inclusive employment period of January 1, 2008 through the present date, and

    B. Afford to the authorized representatives of the Trustees of the Trust both ample time and opportunity to examine all such materials of Defendant, without harassment, at such time and at such place as shall be convenient to the Trustees' authorized representatives.

2. For judgment against the Defendant for:

    A. All contributions determined by said authorized representatives of Plaintiff's Trustees, as a result of their examination of Defendant's records, to be

COMPLAINT TO COMPEL AUDIT
Page 4 of 5
G:\01-01999\541\St. Joseph's Hospital 82000\Complaint.doc

Reid, Pedersen, McCarthy & Ballew, L.L.P.
ATTORNEYS AT LAW
101 ELLIOTT AVENUE WEST • SUITE 550
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

owing to the Plaintiff, including liquidated damages and interest due, as set forth in each Trust agreement;

B. All of Plaintiff's attorney's fees incurred in gaining auditor access to Defendant's records;

C. All auditing expenses incurred by the Trust in conducting the audit;

D. All of Plaintiff's costs incurred in gaining auditor access to Defendant's records; and

E. For such other and further relief as the Court may deem just and equitable.

DATED this /sr day of September, 2009.

REID, PEDERSEN, McCARTHY & BALLEW, L.L.P.

_____
Russell J. Reid, WSBA #2560
Attorney for Plaintiff

COMPLAINT TO COMPEL AUDIT
Page 5 of 5
G:\01-01999\541\St. Joseph's Hospital 82000\Complaint.doc

Reid, Pedersen, McCarthy & Ballew, L.L.P.
ATTORNEYS AT LAW
101 ELLIOTT AVENUE WEST • SUITE 550
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925